12-15524

IN THE

# UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

_____

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA,
a Pennsylvania corporation,
Plaintiff/Appellant,

vs.

757BD, LLC
Defendant/Appellee.

_____

**Appeal From A Judgment Of The United States District Court
For The District of Arizona
Honorable David G. Campbell, District Judge**

_____

## APPELLANT'S REPLY BRIEF

LaMontagne & Amador LLP
Ralph S. LaMontagne, Jr. (91536)
_rlamontagne@l-a-lawoffices.com_
Eric A. Amador (143395)
_eamador@l-a-lawoffices.com_
150 S. Los Robles Avenue, Suite 940
Pasadena, California 91101
Tel: 626-765-6800
Fax: 626-765-6801

Attorneys for Plaintiff/Appellant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................ 1

ARGUMENT.................................................................................................... 1

I.    APPELLEE HAS FAILED TO REFUTE APPELLANT'S ARGUMENT THAT THE DOCTRINE OF FEDERAL PREEMPTION REQUIRES REVERSAL OF THE JUDGMENT IF THE DISTRICT COURT'S INTERPRETATION OF A.R.S. SECTION 12-341.01(A) WAS CORRECT .................................................. 1

    A.    The Issue May Properly Be Considered By This Court................................ 2

    B.    It Remains Clear That, If The Statute Was Applied As Intended By The Arizona Legislature, The Preemption Doctrine Applies.............................. 5

II.    APPELLEE HAS ALSO FAILED TO REFUTE APPELLANT'S ARGUMENT THAT, APART FROM ANY ISSUE OF PREEMPTION, SECTION 12-341.01(A) IS INAPPLICABLE ................................................................. 9

    A.    It Remains Clear That There Has Been No "Contested Action" ............... 10

    B.    Appellee's "Successful Party" Arguments Are Unpersuasive................... 12

    C.    In Any Event, It Remains Clear That Cumulative Consideration Of The Six Factors Enumerated By The Arizona Supreme Court Weigh Strongly Against An Award Of Attorneys' Fees ...................................................... 23

        1.    It Was Error For The District Court To Conclude That This Factor Weighed In Favor Of The Fee Award ...........................23

        2.    The Factor Of "Whether The Litigation Could Have Been Avoided Or Settled" Weighs Against A Fee Award ................26

        3.    Appellee Did Not "Prevail With Respect To All Of The Relief Sought"...............................................................................26

        4.    Appellee Erroneously Contends That The "Novelty" Factor Supported The Fee Award ......................................................27

        5.    Affirming The Award Here Will Discourage Other Parties With Tenable Claims From Litigating...............................................27

    D.    It Remains Clear That The Arizona Courts Would Not Interpret The Statute Overbroadly So As To Essentially Regulate Federal Civil Procedure, As The District Court Has Done Here ...................................................................... 28

CONCLUSION ............................................................................................. 29

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*All American Distributing Co., Inc. v. Miller*,
   736 F.2d 530 (9th Cir. 1984) .................................................................. 18, 19

*Allstate Ins. Co. v. Davis*,
   430 F. Supp. 2d 1112 (D. Haw. 2006) .......................................................... 28

*Armstrong v. Schwartzenegger*,
   622 F.3d 1058  (9th Cir. 2010) ............................................................... 4, 5

*Assyia v. State Farm Mut. Auto. Ins. Co.*,
   273 P.3d 668 (Ariz. Ct. App. 2012) .............................................................. 10

*Baja Developments, LLC v. Loreto Partners*,
   2010 WL 1758242 (D. Ariz. 2010) .............................................................. 10

*BBQ Hut, Inc. v. Maelin Enterprises, LLC*,
   2008 WL 2687685 (D. Ariz. 2008) .............................................................. 10

*Beazer East, Inc. v. Mead Corp.*,
   412 F.3d 429 (3d Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006)................................. 14

*Bona v. Gonzales*,
   425 F.3d 663 (9th Cir. 2005) ..................................................................... 5

*Bonte v. U.S. Bank, N.A.*,
   624 F.3d 461 (7th Cir. 2010) ............................................................... 14, 28

*Britt v. Steffen*,
   205 P.3d 357 (Ariz. Ct. App. 2008) .............................................................. 10

*Brown v. Clayton*,
   2012 WL 3113145 (D. Conn. 2012)............................................................... 4

*BRT Funding, LLC v. Carlsbad Development I, LLC*,
   2009 WL 2486008 (D. Ariz. 2009) .............................................................. 10

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
   532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)................................................ 18

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,
   498 U.S. 533 (1991).............................................................................. 7

*Camacho v. Texas Workforce Commission*,
   445 F.3d 407 (5th Cir. 2006) .................................................................. 6, 7

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991).............................................................................. 6, 7

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
  342 F.3d 1016 (9th Cir. 2003) ........................................ 6

*Colony Ins. Co. v. Events Plus, Inc.*,
  585 F. Supp. 2d 1148 (D. Ariz. 2008) ......................... 25

*Davidson v. City of Avon Park*,
  848 F.2d 172  (11th Cir. 1988) .................................... 3

*Dream Palace v. County of Maricopa*,
  384 F.3d 990 (9th Cir. 2004) ...................................... 5

*Ellis v. Johnston*,
  2009 WL 2450457 (D. Ariz. 2009) ................... 23, 26, 27

*Emmert Industrial Corp. v. Artisan Associates, Inc.*,
  497 F.3d 982 (9th Cir. 2007) ................................... 4, 5

*Evanston Ins. Co. v. Hearthstone of Sun City, LLC*,
  2010 WL 1416023 (D. Ariz. 2010) ............................. 25

*Exxon Corp. v. Burglin*,
  42 F.3d 948 (5th Cir. 1995) ....................................... 7

*Farrar v. Hobby*,
  506 U.S. 103 (1992)................................................. 21

*First and Beck, LLC v. Bank of the Southwest*,
  2008 WL 718842 (D. Ariz. 2008) .......... 14, 15, 18, 24, 26, 27

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*,
  307 F.3d 501 (6th Cir. 2002) ...................................... 7

*Frontier Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*,
  246 F.R.D. 522 (S.D. W.Va. 2007) .............................. 4

*Fulton Homes Corp. v. BBP Concrete*,
  155 P.3d 1090 (Ariz. Ct. App. 2007)......................... 10

*Government Employees Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) .............................. 25, 27

*Hesse v. Sprint Corp.*,
  598 F.3d 581 (9th Cir. 2010) ...................................... 4

*Hinde v. Provident Life & Accident Ins. Co.*,
  112 F.3d 412 (9th Cir. 1997) ...................................... 7

*Hubbard v. SoBreck, LLC*,
  554 F.3d 742  (9th Cir. 2009) ..................................... 4

*In re Johnson*,
  756 F.2d 738 9th Cir. 1985)........................................ 8

*Keown v. Tudor Ins. Co.*,
  621 F. Supp. 2d 1025 (D. Haw. 2008)...........................................................25

*Kona Enterprises, Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) .......................................................19, 21, 22

*Lewis v. Smith*,
  2009 WL 2016287 (D. Ariz. 2009) ...............................................................10

*Londen Land Co., LLC v. Title Resources Guaranty Co.*,
  2011 WL 665446 (D. Ariz. 2011) ................................................................24

*Maher v. Gagne*,
  448 U.S. 122 (1980)..................................................................................19, 20

*Mark Lighting Fixture Co., Inc. v. General Electric Supply Co.*,
  745 P.2d 85 (Ariz. 1987) ...............................................................................12

*McMurray v. Dream Catcher USA, Inc.*,
  202 P.3d 536 (Ariz. Ct. App. 2009).............................................................12

*Medical Protective Co. v. Pang*,
  271 F.R.D. 624 (D. Ariz. 2010)....................................................................17

*Metropolitan Property & Casualty Ins. Co. v. Gilson*,
  2010 WL 2721906 (D. Ariz. 2010) ..............................................................25

*Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*,
  665 F.3d 1091 (9th Cir. 2011) .......................................................................4

*Morrison v. Shanwick International Corp.*,
  804 P.2d 768 (Ariz. Ct. App. 1990)........................................................10, 11

*MRO Communications, Inc. v. American Telephone & Telegraph Co.*,
  197 F.3d 1276 (9th Cir. 1999) .......................................................................8

*Myers v. Andzel*, 2
  2007 WL 3256865 (S.D.N.Y. 2007)...............................................................4

*Nablo v. Desert Plastics, LLC*,
  2006 WL 288394 (D. Ariz. 2006) .........................................................24, 26

*Nationwide Mutual Fire Ins. Co. v. Jones*,
  695 F. Supp. 2d 978 (D. Ariz. 2010) ...........................................................25

*Nationwide Mutual Ins. Co. v. Granillo*,
  573 P.2d 80 (Ariz. Ct. App. 1997)...............................................................10

*Norton v. Rule*,
  637 F.3d 937 (9th Cir. 2001) .........................................................................6

*Phillips & Assoc., P.C. v. Navigators Ins. Co.*,
  764 F. Supp. 2d 1174 (D. Ariz. 2011) .........................................................25

*Price v. Seydel*,
    961 F.2d 1470 (9th Cir. 1992) ........................................................ 6

*Saguaro Highlands Community Ass'n v. Biltis*,
    229 P.3d 1036 (Ariz. Ct. App. 2010) ................................ 15, 16, 18

*Schneider v. County of San Diego*,
    285 F.3d 784 (9th Cir. 2002) ....................................................... 5

*Thompson v. StreetSmarts, Inc.*,
    2011 WL 2600744 (D. Ariz. 2011) ............................................. 10

*Tierra Ranchos Homeowners Ass'n v. Kitchukov*,
    165 P.3d 173 (Ariz. Ct. App. 2007) ............................................ 16

*Turner Entertainment Co. v. Degeto Film GmbH*,
    25 F.3d 1512 (11th Cir. 1994) ...................................................... 9

*United States v. Alisal Water Corp.*,
    431 F.3d 643 (9th Cir. 2005) ....................................................... 5

*Vicari v. Lake Havasu City*,
    213 P.3d 367 (Ariz. Ct. App. 2009) ............................................ 10

*Wagenseller v. Scottsdale Memorial Hosp.*,
    710 P.2d 1025 (Ariz. 1985) ............................................ 12, 13, 22

*Western Radio Services Co. v. Glickman*,
    123 F.3d 1189 (9th Cir. 1997) ................................................ 24, 26

*Wong v. Takeuchi*,
    961 P.2d 611 (Haw. 1998) .......................................................... 21

**Statutes**

28 U.S.C. section 2201 .................................................................... 25

A.R.S. section 12-341.01 ................................ 1, 9, 12, 14, 15, 17, 18, 22, 28

## <u>INTRODUCTION</u>

This brief is offered in reply to the Brief of Appellee ("BOA") filed by Defendant/Appellee, 757BD ("757BD" or "Appellee"), on October 12, 2012, in response to the opening Brief of Appellant ("AOB") filed by Plaintiff/Appellant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union" or "Appellant") on August 29, 2012.  As will be seen, Appellee's brief utterly fails to refute the arguments, or pertinent authorities, advanced in National Union's opening brief.  Indeed, to a substantial extent, 757BD simply ignores those arguments and authorities in the apparent hope that they will somehow slip below this Court's radar.

It remains clear that the attorneys' fees judgment must be reversed for a multitude of independent reasons.

## <u>ARGUMENT</u>

**I.    APPELLEE HAS FAILED TO REFUTE APPELLANT'S ARGUMENT THAT THE DOCTRINE OF FEDERAL PREEMPTION REQUIRES REVERSAL OF THE JUDGMENT IF THE DISTRICT COURT'S INTERPRETATION OF A.R.S. SECTION 12-341.01(A) WAS CORRECT**

In its opening brief, National Union argued that A.R.S. section 12-341.01(A), *as applied by the District Court*, was inapplicable due to principles of federal preemption.  *See* AOB at 21-39.  757BD offers a two-fold response:  First,

it urges that the argument has been waived.  *See* BOA at 17-19.  Secondly, it argues that, even if there has been no waiver, the federal preemption doctrine is inapplicable.  *See* BOA 20-22.  As will be seen, both arguments are devoid of merit.

## A.    The Issue May Properly Be Considered By This Court

In its opening brief, National Union candidly conceded that its preemption argument had not been raised in the District Court, but noted that this Court has repeatedly held that purely legal questions may be addressed for the first time on appeal, including, specifically, questions of federal preemption.  *See* AOB at 21 n. 4.[1]  In its brief, 757BD does not dispute that this Court has discretion to consider purely legal issues for the first time on appeal, nor does it dispute that the preemption issue raised is, indeed, purely one of law.  *See* BOA at 17-18. Nevertheless, it urges that this Court should refuse to exercise that discretion because so doing would "undermine the express purpose" of a local District Court rule that requires "personal consultation and good faith efforts" to resolve an attorneys' fees issue before a motion to recover such fees will be considered.  *Id.* at 18-19 (quoting Civil Local Rule 54.2(d)(1) of the District Court of Arizona).

---

[1] When referring to page references in briefs, National Union will use the official page numbers imprinted by the Court at the upper right hand corner of each page.  Additionally, National Union will continue to use the abbreviations employed in its opening brief.  *See* AOB at 14 n. 2.

757BD's reliance upon this local rule is misplaced for at least two reasons. First, Appellee is essentially arguing that, where an appeal arises out of the granting of a motion, this Court can *virtually never* exercise the discretion to consider a purely legal issue for the first time on appeal. This is because the vast majority, if not all, of the District Courts in this Circuit have "meet and confer" rules relative to motion practice. *See, e.g*., Civil Local Rule 54-5(a) of the Northern District of California; Local Rule 251(b) of the Eastern District of California; Local Rule 7-3 of the Central District of California; Civil Local Rules 26.1 and 83.4(a)(1)(g) of the Southern District of California; Local Rule 26-7(b) of the District Court of Nevada; Local Rule 7-1(a) of the District of Oregon; Local Rule 54.3(b) of the District of Hawaii; Local Rule 37.1 of the District Court of Idaho. This Court's discretion to consider legal questions for the first time on appeal should not be hampered by the local rules of any District Court. Obviously, this Court is in no way bound by such rules. *See Davidson v. City of Avon Park*, 848 F.2d 172, 173-74 (11th Cir. 1988).

Secondly, even if one erroneously assumes, *arguendo*, that the local rule should be accorded any weight whatsoever in determining whether this Court should exercise its discretion, such weight should be *de minimis*. In this regard, the obvious purpose of a "meet and confer" requirement is to resolve disputes without need of court intervention. *Frontier Kemper Constructors, Inc. v. Elk Run Coal*

*Co., Inc.*, 246 F.R.D. 522, 525-26 (S.D. W.Va. 2007).  Thus, "[c]ourts have

excused a failure to meet and confer in situations where to do so would be clearly

futile." *Myers v. Andzel*, 2007 WL 3256865, at *1 (S.D.N.Y. 2007); *accord*,

*Brown v. Clayton*, 2012 WL 3113145 n. 1, at *2 (D. Conn. 2012).  A review of the

briefs filed with this Court readily reveals that such is obviously the case here, as

the parties have sharply differing views regarding applicability of the doctrine of

federal preemption that unquestionably could *not* have been resolved by a simple

"meet and confer."  *See* AOB at 21-29; BOA at 20-22.

Without citation to authority, 757BD also argues that, in order for this Court

to properly consider the preemption issue for the first time on appeal, National

Union was required to offer an "explanation" as to why said issue was not raised in

the District Court.  To the contrary, the reality is that this Court regularly considers

pure issues of law for the first time on appeal without requiring any such

"explanation."  *See, e.g., Ministry of Defense and Support for the Armed Forces of*

*the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1096

(9th Cir. 2011); *Armstrong v. Schwartzenegger*, 622 F.3d 1058, 1068 n. 4 (9th Cir.

2010); *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010); *Hubbard v.*

*SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir. 2009) (specifically addressing

preemption argument); *Emmert Industrial Corp. v. Artisan Associates, Inc.*, 497

F.3d 982, 985-86 (9th Cir. 2007); *United States v. Alisal Water Corp.*, 431 F.3d

643, 654 n. 4 (9th Cir. 2005); *Schneider v. County of San Diego*, 285 F.3d 784, 792

n. 3 (9th Cir. 2002). The controlling question isn't whether a sufficient

"explanation" has been tendered, it is, rather, whether the opposing party *has been*

*prejudiced* by the raising of the new issue. *Armstrong v. Schwartzenegger*, 622

F.3d at 1068 n. 4; *Bona v. Gonzales*, 425 F.3d 663, 667 n. 4 (9th Cir. 2005).

Appellee seemingly attempts to hint at prejudice by noting that it "was never given

an opportunity to consider this issue until National Union's opening brief was

filed." BOA at 19. However, "this Court has already determined that when, as

here, an appellee has a full and fair opportunity to address an issue raised for the

first time on appeal in its appellate briefing, there is no prejudice." *Emmert*

*Industrial*, 497 F.3d at 986; *accord, Dream Palace v. County of Maricopa*, 384

F.3d 990, 1005 (9th Cir. 2004).

    In short, Appellee utterly failed in its attempt to demonstrate that the

preemption issue should not be considered.

    **B.**    <u>**It Remains Clear That, If The Statute Was Applied As Intended**</u>
<u>**By The Arizona Legislature, The Preemption Doctrine Applies**</u>

    Appellee first asserts that National Union's preemption argument is deficient

because it has failed to demonstrate "clear evidence of a Congressional intent to

preempt state attorneys' fees statutes." BOA at 20. The problem, of course, is that

National Union is not claiming, nor has it ever claimed, that Congress intended

some sort of across-the-board preemption of "state attorneys' fees statutes."  To the contrary, National Union readily concedes that the vast majority of state attorneys' fees statutes-- including the one in question-- pass constitutional muster *when their application is based upon state substantive law*.

Ignoring numerous authorities cited in National Union's opening brief, Appellee categorically asserts that, "in diversity cases, state attorneys' fees statutes are considered substantive rather than procedural."  *Id*. at 20-21.  That is simply untrue.  To the contrary, as pointed out in National Union's opening brief, this Court has unambiguously stated that "[a] federal court sitting in diversity applies state law in deciding whether to allow attorneys' fees *when those fees are connected to the substance of the case*."  *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992) (emphasis added); *accord, Norton v. Rule*, 637 F.3d 937, 938 (9th Cir. 2001).  In other words, the fee award must be "based on state substantive law." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003).  As explained by the Fifth Circuit,

> [T]he "American Rule" [provides] that "parties are ordinarily required to bear their own attorney's fees."  [Citation omitted.]  In light of the American Rule, generally applied in federal court, we have been instructed that state law does not always control the issue of attorney's fees.  [Citation omitted.]  Rather, we are to apply state attorney's fee law only when it "embod[ies] a substantive policy."

*Camacho v. Texas Workforce Commission*, 445 F.3d 407, 412 (5th Cir. 2006) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51-52 (1991)).

In this regard, attorneys' fees provisions are *not* considered "substantive" when they are " 'not tied to the outcome of litigation.' "  *Chambers*, 501 U.S. at 53 (quoting *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991)); *accord, Camacho*, 445 F.3d at 412. The analysis involves "distinguish[ing] fee-shifting statutes 'that hinge an award on success in the underlying lawsuit' from those that do not."  *Camacho*, 445 F.3d at 412. (quoting *Exxon Corp. v. Burglin*, 42 F.3d 948, 951 (5th Cir. 1995)).  As Appellant has repeatedly pointed out (and as Appellee has repeatedly ignored), *as applied by the District Court*, the Arizona statute in question does *not* "hinge an award on success in the underlying lawsuit" and is *not* "tied to the outcome" of the litigation. *See also Hinde v. Provident Life & Accident Ins. Co.*, 112 F.3d 412, 413 (9th Cir. 1997) (this Court finds an Alaska attorneys' fees statute "preempted" because it "[could] be read to authorize . . . [attorneys'] fees . . . without regard to which party ultimately prevails in the principal controversy," and was, accordingly, "procedural, and not substantive"); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002) (Ohio statute that allows for an award of attorneys fees without "success on the underlying merits of the claim" is "procedural in nature").[2]  Accordingly, it was clearly improperly applied.

---

[2] Both of these cases were cited in National Union's opening brief and have been completely ignored by Appellee.

7

Citing this Court's decision in *MRO Communications, Inc. v. American Telephone & Telegraph Co.*, 197 F.3d 1276 (9th Cir. 1999), 757BD next argues that, "as long as state law does not run counter to a valid statute or rule of court, state law that provides a right to recover attorneys' fees reflects a substantial policy of the state and should be followed." BOA at 21. At least two comments are in order.

First, as explained above, the statute in question, *as applied by the District Court*, is "procedural" in nature. Accordingly, it *does* "run counter" to a longstanding "rule"-- i.e., the "American Rule"-- which, as this Court has noted, "federal courts follow." *In re Johnson*, 756 F.2d 738, 741 (9th Cir. 1985).

Secondly, 757BD fails to explain how, as applied by the District Court, the statute in question reflects a "substantial policy of the state." In this regard, as the District Court candidly admitted, "the Court did not reach the substance of National Union's [declaratory judgment] claims and National Union may yet prevail on its claims by bringing a subsequent action in state court." ER at 6:25-28. As also acknowledged by the District Court, the *sole* issue "litigated" was "the propriety of the Court's jurisdiction." *Id*. at 5:6-8. It simply cannot be reasonably argued that the question of whether a *federal* court should abstain from exercising discretionary *federal* jurisdiction over a matter can in any way, shape or form reflect a "substantial policy" *of the state*. At the risk of conveying the obvious,

"the abstention question is a matter of federal law." *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1520 n. 12 (11th Cir. 1994).

In closing with respect to the preemption issue, National Union would inquire of the Court as to whether the Legislature of the State of Arizona could constitutionally pass a statute that read as follows: "In any action arising out of contract that is filed in federal court, if the federal court abstains from hearing the action based exclusively upon federal law, the federal court may award the successful party reasonable attorneys' fees." Unless the answer is "yes," the doctrine of federal preemption *must* apply. National Union would respectfully submit that, in actuality, the answer is clearly "no."

## II.    APPELLEE HAS ALSO FAILED TO REFUTE APPELLANT'S ARGUMENT THAT, APART FROM ANY ISSUE OF PREEMPTION, SECTION 12-341.01(A) IS INAPPLICABLE

In its opening brief, National Union argued that, under Arizona law, section 12-341.01(A) was improperly invoked here for three basic reasons: (1) there was no "contested action"; (2) 757BD was not a "successful party"; and (3) even if one erroneously assumes, *arguendo*, that there *was* a "contested action" in which 757BD was a "successful party," collective consideration of the six factors enumerated by the Arizona Supreme Court as relevant to an award of attorneys' fees weighed strongly *against* such an award. *See* AOB at 29-49. Appellee has failed to refute *any* of these three arguments, much less *all* of them.

### A.    It Remains Clear That There Has Been No "Contested Action"

In its opening brief, National Union cited three Arizona cases supporting the conclusion that a "contested action" is one where, unlike here, the defendant " 'defends against the claims and demands made by the plaintiff.' "  AOB at 30-31 (citing *Assyia v. State Farm Mut. Auto. Ins. Co.*, 273 P.3d 668, 673 (Ariz. Ct. App. 2012); *Vicari v. Lake Havasu City*, 213 P.3d 367, 374 (Ariz. Ct. App. 2009); and *Morrison v. Shanwick International Corp.*, 804 P.2d 768, 775 (Ariz. Ct. App. 1990)).  It additionally explained why the three cases relied upon by the District Court below in support of its conclusion that there was a "contested action"-- i.e., *Britt v. Steffen*, 205 P.3d 357, 359 (Ariz. Ct. App. 2008); *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ariz. Ct. App. 2007); and *Nationwide Mutual Ins. Co. v. Granillo*, 573 P.2d 80, 85-86 (Ariz. Ct. App. 1997)-- did *not* support that conclusion.  AOB at 31-32.  It further pointed to no fewer than five Arizona District Court cases-- i.e., *Thompson v. StreetSmarts, Inc.*, 2011 WL 2600744, at *13 (D. Ariz. 2011); *Baja Developments, LLC v. Loreto Partners*, 2010 WL 1758242, at *11 (D. Ariz. 2010); *BRT Funding, LLC v. Carlsbad Development I, LLC*, 2009 WL 2486008, at *3 (D. Ariz. 2009); *Lewis v. Smith*, 2009 WL 2016287, at *1 (D. Ariz. 2009); and *BBQ Hut, Inc. v. Maelin Enterprises, LLC*, 2008 WL 2687685, at *2 (D. Ariz. 2008)-- that ran squarely contrary to Judge Campbell's

conclusion that all that was necessary to establish a "contested action" was the expenditure of resources by the prevailing party.  AOB at 32-33.

Tellingly, Appellee totally ignores 10 of the 11 cases cited by Appellant.  In this regard, the only decision it even acknowledges is the *Morrison* case, and it goes onto argue that neither that case, nor any other "reported Arizona appellate decision," specifically "<u>requires</u> a defendant to file an answer and contest the merits of the substantive claims in a complaint in order to obtain an award of fees." BOA at 25 (emphasis added).  It may be true that no "reported Arizona appellate decision" has said that *precisely*.  However, the "defends against the claims and demands" language in the statute strongly suggests such a requirement.  One doesn't "defend a claim or demand" by simply arguing that the situs of its adjudication should be moved.  Seeking to change the location of litigation is a "defense" against *a venue*, *not* against a "claim or demand."  Furthermore, by limiting its reference to "reported Arizona appellate decision[s]," 757BD is apparently hoping that this Court will ignore the five Arizona *District Court* cases cited in National Union's opening brief, which clearly *do* support the conclusion that invocation of a *substantive* defense is necessary to establish that a case has been "contested."

757BD has simply failed in its effort to justify the District Court's designation of the instant action as "contested."

**B.**    **Appellee's "Successful Party" Arguments Are Unpersuasive**

In its opening brief, National Union conceded that a few Arizona intermediate appellate court decisions have held that a litigant may, under certain circumstances, be considered a "successful party" in lower court proceedings in the absence of a final adjudication on the merits. *See* AOB at 34. Nevertheless, National Union noted that *the Arizona Supreme Court* had expressly *left open* the question of whether, in trial court proceedings, "attorneys' fees may be awarded under A.R.S. § 12-341.01 where the complaint is not disposed of on the merits." *Mark Lighting Fixture Co., Inc. v. General Electric Supply Co.*, 745 P.2d 85, 90 (Ariz. 1987); *see McMurray v. Dream Catcher USA, Inc.*, 202 P.3d 536, 540 (Ariz. Ct. App. 2009) (acknowledging that Arizona Supreme Court "declin[ed] to resolve" the issue).

National Union urged that, if faced with the issue, the Arizona Supreme Court *would* require a determination on the merits in trial court proceedings. *See* AOB at 35-39. Alternatively, it argued that, at a bare minimum, the Arizona Supreme Court would not countenance a fee award where the ground for dismissal was *purely procedural* in nature and not even arguably connected to the substance of the claim. *See id.* at 39-42. In setting forth its position in this regard, National Union conducted a detailed review of the Arizona Supreme Court decision in *Wagenseller v. Scottsdale Memorial Hosp.*, 710 P.2d 1025 (Ariz. 1985), and

explained why it was highly likely that said court would require an adjudication of the merits as a prerequisite to a fee award in trial court proceedings. In this regard, it argued that the Arizona high court would so hold because: (1) it would acknowledge that the language of the statute itself was strongly supportive of a "merits" requirement; (2) five of the six factors identified by the court as relevant to an attorneys' fees award related to *the merits* of the contractual dispute; (3) the court would give due consideration to Rule 54(g)(2) of the Arizona Rules of Civil Procedure which provides that a determination as to attorneys' fees "shall be made *after a decision on the merits of the cause*" (emphasis added); and (4) it would acknowledge the existing authorities that suggested that a disposition of the merits *is* necessary. *See* AOB at 37-39.

In its brief, 757BD *completely ignores* National Union's analysis of the *Wagenseller* decision. Rather, 757BD simply cites to several *intermediate* appellate court cases and *District Court* cases that it considers helpful to its position. *See* BOA at 27-29.

In the first instance, National Union would respectfully submit that Appellee's tactical decision to simply ignore National Union's arguments as to why the Arizona Supreme Court would refuse to award fees as respects a *purely procedural* dismissal is quite revealing. Indeed, by electing this course, 757BD has effectively conceded these arguments. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d

13

461, 466 (7th Cir. 2010); *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 437 n. 11

(3d Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

Secondly, *none* of the authorities cited by Appellee are *binding* upon this

Court because *none* are Arizona Supreme Court cases.[3]

Thirdly, *none* of the authorities cited involved a discretionary declination to

assume federal jurisdiction.  As noted in National Union's opening brief, the *only*

case to consider attorneys' fees under these circumstances is *First and Beck, LLC*

*v. Bank of the Southwest*, 2008 WL 718842 (D. Ariz. 2008).  In that case, the

Arizona District Court "decline[d] to exercise supplemental jurisdiction over

[plaintiff's] state law claims," asserting that such claims were "better resolved in

state court."  *Id.* at *2.  The defendant then filed an attorneys' fees motion pursuant

to section 12-341.01.  While articulating its view that a "final adjudication on the

merits" was not an *absolute prerequisite* to fee recovery and while conceding that

"[e]ven where an action is dismissed without prejudice . . ., the defendant may still

considered a 'successful party' for purposes of § 12-341.01," the court added:

> Here, however, we have declined to exercise supplemental jurisdiction
> over plaintiff's state law claims and therefore have had no occasion to
> consider the merits of those claims.  This case is distinguishable from an
> action dismissed without prejudice for plaintiff's failure to prosecute

---

[3] 757BD asserts that "[t]here is no convincing evidence" that the Arizona
Supreme Court would not follow the intermediate appellate court and District
Court authorities upon which it relies.  *See* BOA at 32.  Of course, as observed
above, it's not that such evidence *doesn't exist*, it is, rather, that Appellee simply
*chooses to ignore it*.

where it can be said that the defendant has obtained relief and therefore has "prevailed." In contrast, we exercise our discretion and decline to exercise jurisdiction over F&B's state law claims. Defendants have not prevailed with respect to those claims, and are not successful parties with respect to the state law claims. See *Molski*, 2008 WL 467751, at *1 (recognizing that where district court denies supplemental jurisdiction over state law claims, it is appropriate to decline to award fees on causes of action whose merits it has not reviewed).

Moreover, an award of fees under A.R.S. § 12-341.01 is governed by *Assoc. Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), which requires an analysis of (1) the merits, (2) whether litigation could have been avoided, (3) whether fee shifting would create a hardship, (4) the extent of success on the merits, (5) the novelty of the questions presented, and (6) whether the claim had been previously adjudicated. Because we have not reached the merits of any state claim, we are hardly in a position to perform this analysis. Obviously, fee shifting in the state claims will best be resolved by the state court after it decides the state claims.

*Id*.

In a footnote, 757BD criticizes the *First and Beck* decision. *See* BOA at 29 n. 1. Notwithstanding this criticism, however, National Union would respectfully submit that *First and Beck* is a well reasoned, common sense decision.

Fourthly, Appellant would observe that, contrary to Appellee's position, there are *other* Arizona cases suggesting that success on the merits *is* an important factor in determining whether or not a litigant can properly be labeled as a "successful party."

For example, in *Saguaro Highlands Community Ass'n v. Biltis*, 229 P.3d 1036 (Ariz. Ct. App. 2010), a community association commenced an action against

landowners seeking injunctive relief and alleging breach of contract based upon the landowners' alleged violation of restrictive covenants. The landowners filed a motion to compel arbitration based upon an arbitration provision contained in the restrictive covenants. The trial court denied the motion and the Arizona Court of Appeals affirmed. The appellate court rejected the association's request for attorneys' fees, stating: "[W]e decline to award fees at this time and defer the request to the trial court 'pending resolution of the matter on the merits.' " *Id*. at 1040 (quoting *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 165 P.3d 173, 182 (Ariz. Ct. App. 2007)).

The *Saguaro Highlands* decision is substantially on point with the case at bench. In this regard, in *Saguaro Highlands*, the issue was whether the contract action should be heard in the superior court or in an arbitration proceeding. The trial court sided with the plaintiff that it should be the former, but deferred the issue of attorneys' fees until after a determination on the merits. Here, the issue was whether the contract action should be heard in state or federal court. The trial court sided with the defendant that it should be the former. The difference is that, in the case at hand, the trial court erroneously awarded attorneys' fees, when it *should have* allowed the attorneys' fees issue to be deferred until *after* there had been a resolution of the matter on the merits in state court.

A second pertinent decision is *Medical Protective Co. v. Pang*, 271 F.R.D. 624 (D. Ariz. 2010).  There, a liability insurer brought an action against a physician, seeking declaratory relief and partial rescission of a medical malpractice policy.  The physician counter-claimed for bad faith.  The jury in the underlying state court tort action returned a verdict in favor of the insured physician and the patient appealed to the Arizona Court of Appeals.  While the matter was pending before that tribunal, the parties to the federal action filed a joint motion for dismissal of said action without prejudice.  The court granted the motion, but issued an order retaining jurisdiction over the matter, subject to the right to "re-open" the case after the state court appellate proceeding terminated.  The order further stated that, if no party moved to re-open within 30 days of the issuance of a mandate in the state court appellate proceedings, the case would be dismissed *with* prejudice.  Neither party moved to re-open the case within the 30 day period, and, accordingly, on the 31st day, the dismissal became a dismissal *with* prejudice.  The insurer subsequently moved the District Court for relief from the dismissal pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1).  After fully analyzing the insurer's right to relief under the two rules, the court denied the motion.  The physician thereafter requested attorneys' fees pursuant to section 12-341.01(A).  The District Court rejected the request, concluding that there was *no* "successful party."  Specifically, the court stated:

The Court finds that there is no "successful party" within the meaning of Section 12-341.01. *The Court never resolved the merits of either party's claims.* Through the settlement agreement, MPC agreed to dismiss its declaratory and rescission claims, and Dr. Pang agreed to dismiss his bad faith claims. *Unlike an order addressing a motion to dismiss or a motion for summary judgment, the Court in its March 2008 Order never resolved, much less entered judgment on the merits of these claims.* This case has been dismissed with prejudice because each party voluntarily agreed to a settlement that provided a mechanism for dismissing all claims with prejudice. Such a result does not produce a "successful party" within the meaning of Section 12-341.01. *Neither MPC nor Dr. Pang were awarded the relief they were seeking in bringing their claims and counter-claims. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (*stating that "a 'prevailing party' is one who has been awarded some relief by the court"*). Moreover, this case does not present a scenario where one party is the "successful party" because the opposing party voluntarily dismissed, . . . or because the Court dismissed this action for a lack of prosecution.

*Pang*, 271 F.R.D. at 628 (emphasis added, footnote omitted).

National Union would submit that *Pang* is clearly instructive. That case, like this one, adjudicated *purely procedural* matters, and "[t]he Court never resolved the merits of either party's claim," and that case, like this one, also did not involve a "voluntary dismissal" or a dismissal for "lack of prosecution."

It is respectfully submitted that the *First and Beck, Saguaro Highlands* and *Pang* cases more closely reflect how the Arizona Supreme Court would rule on the issue in question than do the cases relied upon by Appellee.

Appellee urges that this Court's decisions in *All American Distributing Co., Inc. v. Miller*, 736 F.2d 530 (9th Cir. 1984) and *Kona Enterprises, Inc. v. Estate of*

*Bishop*, 229 F.3d 877 (9th Cir. 2000) provide support for its argument that it was a "successful party" in this litigation. *See* BOA at 29-31. They do not.

*Miller* involved an action by a beverage distributor, All American Distributing Co., Inc. ("All American"), against a brewer, Miller Brewing Co. ("Miller"), wherein the plaintiff requested a preliminary injunction against the termination of its distributorship pending an arbitration. The distributor also sought damages for violation of the Arizona Spirituous Liquor Franchises Act ("Spirituous Act") and breach of contract. The complaint was later amended to include a motion to compel arbitration. Under the Spirituous Act, the "prevailing party" was entitled to attorneys' fees. The District Court denied the distributor's motion for a preliminary injunction because, by the distributorship agreement's terms, the distributor "was entitled only to damages, not equitable relief, and because All American was not likely to succeed on the merits." *Id*. at 531. When defendant Miller initiated discovery on the merits of the damages claims, All American moved to voluntarily dismiss those claims, as well as the motion to compel arbitration. *Id*. The District Court thereafter awarded attorneys' fees.

In analyzing whether the fee award was proper, and after making reference to the United States Supreme Court decision of *Maher v. Gagne*, 448 U.S. 122 (1980), this Court stated:

> The denial of the preliminary injunction in the present case, *which followed a hearing and extensive findings by the district court*, bears a

*closer resemblance to adjudication on the merits* than did the settlement in *Maher*.

*Hanrahan v. Hampton*, 446 U.S. 754 . . . (1980) (per curiam), the major case on which All American relies, is not to the contrary.  In *Hanrahan*, the Court ruled that an interlocutory award of attorney fees was not proper where the plaintiffs merely had obtained reversal on appeal of a directed verdict and several discovery orders and where the case was remanded for trial.  The Court reasoned that the discovery questions were only procedural matters that would not justify fee-shifting, and that an award of fees for overturning the directed verdict would be premature before the case went to trial on the merits.  *Id*. at 756-58 . . ..  In contrast, *the dismissal of the preliminary injunction claim at issue here was not an interlocutory procedural step, but achievement of Mille's major goal in this litigation.  See Sethy v. Alameda County Water District*, 602 F.2d 894, 897-98 (9th Cir. 1979), . . . (*prevailing party is one who succeeds on any significant issue in litigation*) . . ..  *As far as Miller is concerned, this lawsuit is over; no further proceedings are necessary to defend its right to terminate All American's distributorship*.

*All American*, 736 F.2d at 532-33 (emphasis added).

Here, by sharp contrast, "further proceedings" *are* necessary-- i.e., in state court-- to adjudicate National Union's declaratory judgment claims.  And, in the case at bench, there was *absolutely no* substantive "significant issue" expressly or impliedly decided.

While *All American* may stand for the proposition that a *full and final* adjudication of *all* substantive issues is not a prerequisite to an award of attorneys' fees under the Arizona Spirituous Act, contrary to Appellee's suggestion, clearly, under that decision, *at least some* merits-related adjudication *is* required.

20

The *Kona Enterprises* decision is also of no aid to Appellee. That case involved a Hawaii statute that provided for attorneys' fees to the "prevailing party" as respects cases "in the nature of assumpsit." Appellee takes comfort in the fact that this Court, in *Kona Enterprises*, quoted a Hawaii Supreme Court case to the effect that " '[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits on the claim.' " *Kona Enterprises*, 229 F.3d at 887 (quoting *Wong v. Takeuchi*, 961 P.2d 611, 614 (Haw. 1998)). *See* BOA at 31. What Appellee fails to share with the Court, however, is the Court's adoption of the United States Supreme Court's articulation of the meaning of the term "prevailing parties" as parties who " 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Kona Enterprises*, 229 F.3d at 888 n. 10 (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). Appellee also fails to share the following quote from the *Kona Enterprises* decision:

> Here, plaintiffs filed a diversity action, alleging both direct and derivative claims. *The district court dismissed all direct claims against defendants with prejudice. The court then dismissed all individual plaintiffs with prejudice, leaving only Kona. Subsequently, the district court dismissed all remaining claims with prejudice and entered judgment in favor of defendants because Kona lacked standing to sue derivatively on behalf of the Companies. The doctrine of res judicata bars all plaintiffs from re-litigating any of their claims.* [Citation omitted.] Therefore, defendants *clearly succeeded in "permanently defeating" all direct claims arising out of this lawsuit and the derivative claims of Kona.*

21

*Id.* at 888 (emphasis added).

*Kona Enterprises* is readily distinguishable from the instant action for several reasons:  First, it involved a Hawaii statute, not section 12-341.01.  Secondly, substantive issues were clearly considered in *Kona Enterprises*.  Not so here.  Thirdly, in the present case, the granting of Appellee's motion most decidedly *did not* "permanently defeat" National Union's declaratory relief claims, nor did it have any res judicata effect at all.  To the contrary, as the District Court candidly conceded, "National Union may yet prevail on its claims by bringing a subsequent action in state court."  ER 6:25-28.

In short, a number of cases from this Court, the Arizona Court of Appeals and the Arizona District Court clearly support the conclusion that the District Court here erred in identifying 757BD as a "successful party."  Moreover, for the reasons first articulated in National Union's opening brief, based upon the Arizona Supreme Court's decision in *Wagenseller v. Scottsdale Memorial Hosp.*, 710 P.2d 1025, and other factors, there is a strong indication that the Arizona Supreme Court would reach the same conclusion.  To the extent any of the intermediate appellate court and District Court cases relied upon by Appellee support a contrary conclusion, they are unpersuasi+ve and should not be followed.

### C. In Any Event, It Remains Clear That Cumulative Consideration Of The Six Factors Enumerated By The Arizona Supreme Court Weigh Strongly Against An Award Of Attorneys' Fees

#### 1. It Was Error For The District Court To Conclude That This Factor Weighed In Favor Of The Fee Award

757BD advances a two-prong argument in attempting to rebut National Union's position, set forth at pages 44-45 of its opening brief, that the District Court erred in concluding that this factor favored an award of fees. First, it contends that the "meritorious" nature of its abstention motion-- and, accordingly, the purportedly "unmeritorious" nature of Appellant's position with respect to said motion-- is "*res judicata* for purposes of this appeal because National Union never appealed the dismissal order." BOA at 33 (emphasis original). Secondly, it asserts that the pertinent issue for consideration is the "meritorious" nature of National Union's response to the motion to dismiss, *not* the "meritorious" nature of its declaratory judgment claims. *Id.*

Responding to the latter argument first, it is National Union's position that it is, indeed, the *substantive* claims that are properly considered. This position is supported by several authorities. *See, e.g., Ellis v. Johnston*, 2009 WL 2450457, at * 3 (D. Ariz. 2009) (in denying attorney fee award following dismissal on grounds of lack of jurisdiction, court, after citing the six relevant factors, including the "meritorious" factor, states "the Court has never addressed the merits of Plaintiff's

claims, and thus cannot conclude at this time that the first factor weighs in favor of awarding attorneys' fees," and adds that "[t]he same can essentially be said for the remaining factors"); *First and Beck, LLC v. Bank of the Southwest*, 2008 WL 718842, at * 2 (after citing the six factors, court states that, "[b]ecause we have not reached the merits of any state claim, we are hardly in a position to perform this analysis"); *Nablo v. Desert Plastics, LLC*, 2006 WL 288394, at *5 (D. Ariz. 2006) ("[a]s to the first of the . . . factors, it is premature for the Court to make any judgment as to the merits of the underlying claims, particularly as there has been no discovery to date").

Secondly, even if one inaccurately assumes, for the sake of argument, that it is the merits *of the opposition to the jurisdictional motion* that is solely relevant, Appellee's position *still* fails.  In this regard, Appellee's res judicata argument is utterly baseless.  "Res judicata, also known as claim preclusion, bars litigation *in a subsequent action* of any claims that were raised or could have been raised *in the prior action*."  *Western Radio Services Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added).  Here, there obviously was no "prior action."

Furthermore, it is clear that National Union's opposition to the motion to dismiss *did have* merit.  As one court has recently noted, "a claim can have merit, even if it does not succeed."  *Londen Land Co., LLC v. Title Resources Guaranty Co.*, 2011 WL 665446, at * 2 (D. Ariz. 2011).  As even the District Court admitted,

24

"National Union had a statutory basis for requesting the Court's jurisdiction" in the form of 28 U.S.C. § 2201(a). ER 7:15-17. Additionally, this Court has unambiguously held that "there is no presumption in favor of abstention in declaratory actions generally, nor insurance coverage cases specifically." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Indeed, it has been accurately noted that "[f]ederal courts regularly and frequently adjudicate insurance declaratory actions." *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1039 (D. Haw. 2008). That has certainly been the situation in the District of Arizona. *See, e.g., Phillips & Assoc., P.C. v. Navigators Ins. Co.*, 764 F. Supp. 2d 1174 (D. Ariz. 2011); *Nationwide Mutual Fire Ins. Co. v. Jones*, 695 F. Supp. 2d 978 (D. Ariz. 2010); *Metropolitan Property & Casualty Ins. Co. v. Gilson*, 2010 WL 2721906 (D. Ariz. 2010); *Evanston Ins. Co. v. Hearthstone of Sun City, LLC*, 2010 WL 1416023 (D. Ariz. 2010); *Colony Ins. Co. v. Events Plus, Inc.*, 585 F. Supp. 2d 1148 (D. Ariz. 2008).

Accordingly, it *cannot* reasonably be said that National Union's opposition to the motion was devoid of merit.[4]

---

[4] For a complete discussion of the numerous arguments supporting National Union's opposition, *see* CR 21 at 10-23.

### 2.     The Factor Of "Whether The Litigation Could Have Been Avoided Or Settled" Weighs Against A Fee Award

757BD contends that this factor supported the fee award because the "litigation could have been avoided or settled" by National Union simply relinquishing its right to proceed in federal court.  BOA at 33-34.  This is simply not true.  Dismissing the federal court action would not have "avoided or settled" any "litigation."  Rather, it would have simply *moved* the "litigation" from a federal forum to a state forum.

### 3.     Appellee Did Not "Prevail With Respect To All Of The Relief Sought"

Appellee argues that this factor does *not* relate to National Union's "substantive claim for relief," but, rather, relates exclusively to the *procedural* "relief" sought by 757BD in requesting the District Court to abstain.  BOA at 34.  In so arguing, it relies upon *Best Western International, Inc. v. Mahroom*, 2008 WL 2116917 (D. Ariz. 2008) and *Nablo v. Desert Plastics, LLC*, 2006 WL 288394.  To the extent either of these decisions support 757BD's position in this regard, they are contrary to the better reasoned decisions of *Ellis v. Johnston*, 2009 WL 2450457, at *3 and *First and Beck, LLC v. Bank of the Southwest*, 2008 WL 718842, at *2 (*see* discussion at pages 23-24, above), and should not be followed.

### 4.  Appellee Erroneously Contends That The "Novelty" Factor Supported The Fee Award

The principal dispute between the parties insofar as the "novelty" factor is concerned is, once again, whether the pertinent issue relates to National Union's substantive claims or 757BD's motion.  Appellee claims it is the latter.  *See* BOA at 35.  Again, National Union asserts it is the former.  *See Ellis v. Johnston*, 2009 WL 2450457, at *3; *First and Beck, LLC v. Bank of the Southwest*, 2008 WL 718842, at *2.

Even if one limits one's consideration to Appellee's motion, however, Appellee still fails to persuade.  In this regard, it argues that the abstention question "had previously been adjudicated adverse to National Union's position" in this Circuit.  BOA at 35.  What 757BD fails to mention, however, is that it has *also* been adjudicated *favorably* to National Union's position.  Again, as this Court has held, "there is no presumption in favor of abstention in declaratory actions generally, nor insurance coverage cases specifically."  *Government Employees Ins. Co. v. Dizol*, 133 F.3d at 1225.

### 5.  Affirming The Award Here Will Discourage Other Parties With Tenable Claims From Litigating

Appellee argues that this consideration weighs in favor of the award because, the sole effect of imposing fees in federal court, will be that future parties will "simply pursue their claims in state court."  BOA at 35-36.  That, however, is

precisely the problem, as forcing out-of-state litigants to file in state court

"undermines the federal interest in providing a neutral forum free of an appearance

of favoritism against an out-of-state party." *Allstate Ins. Co. v. Davis*, 430 F. Supp.

2d 1112, 1121 (D. Haw. 2006).

### D.    It Remains Clear That The Arizona Courts Would Not Interpret The Statute Overbroadly So As To Essentially Regulate Federal Civil Procedure, As The District Court Has Done Here

The final argument advanced by Appellant in its opening brief was that the

Arizona Supreme Court would not interpret section 12-341.01 as broadly as the

trial court because of the well established rule of statutory interpretation in Arizona

that statutes are to be construed so as to " 'avoid unnecessary resolution of

constitutional issues.' "  AOB at 49.  757BD has ignored this argument, and the

point must, accordingly, be deemed conceded.  *See Bonte v. U.S. Bank, N.A.*, 624

F.3d at 466.

## <u>CONCLUSION</u>

For the reasons set forth above and in National Union's opening brief, it is respectfully submitted that the judgment awarding attorneys' fees should be reversed.[5]

Dated: November 13, 2012            Respectfully submitted,

LaMONTAGNE & AMADOR, LLP


By: _Ralph S. LaMontagne, Jr.    /s/_

   Ralph S. LaMontagne, Jr.
   Eric A. Amador
Attorneys For Plaintiff/Appellant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA

---

[5] In its "Conclusion" section, Appellee asks not only that this Court affirm the attorneys' fees award below, but also that it award attorneys' fees *in this proceeding*. BOA at 36. Absolutely no factual or legal argument whatsoever is advanced in support of this request. Obviously, Appellee's potential entitlement to fees in *this* proceeding involves considerations different from those relevant to the District Court proceedings. Accordingly, before any fees are awarded in *this* proceeding, Appellant should be accorded the opportunity to fully brief the matter.

## <u>CERTIFICATE OF LENGTH</u>

Pursuant to Fed.R.App.P. 32(a)(7)(C), I certify that this Appellant's Reply Brief contains 6,986 words.

Dated: November 13, 2012                LaMONTAGNE & AMADOR, LLP


By: _Ralph S. LaMontagne, Jr.      /s/_

   Ralph S. LaMontagne, Jr.
   Eric A. Amador
Attorneys For Plaintiff/Appellant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA